IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE LEE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-1320-R |
| | ) |
| FRED FIGUEROA, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a California prisoner incarcerated in Oklahoma in a private prison, filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights during his confinement at the North Fork Correctional Facility. Pursuant to 42 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On January 18, 2012, Judge Roberts issued Report and Recommendation, wherein she recommended that the Defendants' motion for summary judgment be granted because Plaintiff failed to properly exhaust his administrative remedies prior to filing this action on December 7, 2010. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation.

Plaintiff complains that Defendant Williams is debiting his inmate trust account in order to make payments on restitution in California convictions that are either not his convictions or for which he has already discharged his restitution obligation. He further contends that the payments were made without the appropriate supporting documentation from California Out of State Correctional Facility ("COCF") Department. Defendants

contend Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendants argued that Plaintiff initiated administrative remedies with both the facility, North Fork Correctional Facility and with the California Department of Corrections and Rehabilitation, but Plaintiff failed to complete either process, and thus summary judgment is appropriate.

Plaintiff's claims arose following his receipt of statement of his account and a copy of a portion of an e-mail from Rebecca Williams, the accounts payable representative at Northfork Correctional Facility. Ms. Williams indicated that it "[l]ooks like he [Plaintiff] paid case #NA053014 off on 8/17, now he has this one to pay on." Plaintiff believed the restitution paid in Case No. #NA053014 was in error, because he was not serving a conviction in a case bearing that number. In response to his receipt of the account statement, Plaintiff filed a request for information resolution on October 14, 2010 at Northfork Correctional Facility. In response thereto, the grievance coordinator informed Plaintiff that he should address this issue with his Unit Manager and that if the Unit Manager did not contact Plaintiff about the issue, Plaintiff should file a request to staff. Plaintiff filed no additional grievance or administrative filings at Northfork with regard to the issue.

On November 19, 2010, Plaintiff filed a grievance with California authorities, which was screened out because his "requested action is unclear. If you have an issue with our institution, clearly state the problem and the action you would like taken." Plaintiff did not

file any additional attempts at exhaustion prior to filing this action on December 7, 2010.[1]

Plaintiff contends that exhaustion in this case should be excused because of the actions of Northfork personnel and the employees of the COCF Department. The Court cannot conclude that Plaintiff was lulled into inactivity with regard to the exhaustion of his administrative remedies by the actions or statements of Defendant Williams or any employee of Northfork or any of the agencies in California. Plaintiff, although he attempted exhaustion, did not do so properly nor did he follow the process through to its completion. In short, the Court declines to adopt Plaintiff's contention that he exhausted the "available" remedies prior to filing this action. Defendants have established the absence of any genuine issues of material fact with regard to exhaustion. Accordingly, the Report and Recommendation is hereby adopted, and the Defendant's motion to dismiss, construed as a motion for summary judgment is hereby granted. The complaint is dismissed without prejudice for failure to exhaust.

IT IS SO ORDERED this 8th day of February, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff signed a Form 602 on December 22, 2010, after he initiated this litigation. The form was rejected because it was incomplete, and Plaintiff was instructed to "[f]ill in name, CDC#, etc. above Section A." Therein he asserted that he was not serving a sentence in Case No. NA0503014 and that his conviction in Case No. 4A019120 was sixteen years old and therefore he should not have been paying restitution in that case. His next filing with California authorities on the issue was on February 9, 2011, which was rejected because he submitted more than one 602 and he attached sentencing documents. Both of these unsuccessful attempts at exhaustion were initiated after the filing of this litigation.